

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

BRANDON MICHAEL JACOBS, )
)
    Plaintiff, )
)
v. )
) Civil Action No. 1:19-cv-03796 (UNA)
UNITED STATES, )
)
    Defendant. )

## MEMORANDUM OPINION

This matter is before the court on its initial review of the plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

The complaint, in its current form, is mostly incomprehensible. He sues the United States for monetary damages. The intended causes of action are equivocal; plaintiff broadly alleges that the United States "has no immunity to abridge the First Amendment . . . [and] shall make no law to abridge the right of the people to petition the government for a redress of grievances." In addition to the First Amendment, he cites the Fourteenth Amendment, the Federal Tort Claims Act, and the Privacy Act, however, he fails to present any factual allegations to support a cognizable legal claim under any of the authority upon which he relies.

The complaint is devoid of any substance which would provide adequate notice of a claim. It also fails to set forth allegations with respect to this court's jurisdiction over the plaintiff's entitlement to relief or a valid basis for an award of damages as pled. As drafted, the complaint fails to meet the minimum pleading standard set forth in Rule 8(a). Therefore, the court will grant the plaintiff's application to proceed *in forma pauperis* and will dismiss the complaint.

Plaintiff has also filed a "motion to proceed with this action as if the laws are not even there, that abridge me from continuing this action, without IFP, or prepayment of fees that is guaranteed; USC 5 § 552[a](e)(7)." He asks that "this case be accepted under USC 5 § 552a(e)(7) instead of an [sic] informa papyrus application." It is entirely unclear what connection, if any, 5 U.S.C. § 552a(e)(7), has to plaintiff's opportunity to proceed IFP. Further confusing is that plaintiff has also filed a motion to proceed IFP. As plaintiff's motion to proceed IFP has been granted, plaintiff's motion to proceed pursuant to 5 U.S.C. § 552a(e)(7) will be denied. Lastly, plaintiff has filed a motion to issue summons, which will be denied as moot. An order consistent with this memorandum opinion is issued separately.

Date: 1/23/20

United States District Judge

2